```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

```
CARRIE HOGAN,                      :

     Plaintiff,                    :

vs.                                :
                                         CIVIL ACTION 05-0154-M
JO ANNE B. BARNHART,               :
Commissioner of
Social Security,                   :

     Defendant.                    :
```

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 27). Oral argument was waived in this action (Doc. 23). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born January 26, 1953.  At the time of the administrative hearing, Hogan was fifty-one years old, had completed an eleventh-grade education (Tr. 188), and had previous work experience as a home health care aide and a packer (Tr. 187-88).  In claiming benefits, Plaintiff alleges disability due to bilateral carpel tunnel syndrome, hypertension, fibromyalgia, and depression/anxiety (Doc. 25).

The Plaintiff protectively filed an application for SSI on October 3, 2002 (Tr. 42-45).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not perform any of her past relevant work, Hogan was capable of performing a significant range of light work (Tr. 11-26).  Plaintiff requested review of the hearing decision (Tr. 8-10) by the Appeals Council, but it was denied (Tr. 3-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Hogan alleges that:  (1) The ALJ did not properly consider the opinions and

conclusions of Dr. Larry Skelton, a consultant physician; and (2) the ALJ improperly discounted Plaintiff's testimony of pain and daily activities (Doc. 15).  Defendant has responded to—and denies—these claims (Doc. 20).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of one of the physicians.  Hogan specifically refers to the report of Dr. Larry Skelton, a consultant.  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2005).

Dr. Skelton examined Plaintiff on December 5, 2002 and noted positive tenile sign on both wrists, indicating bilateral carpel tunnel syndrome, though there was full range of motion in both the wrists and elbows (Tr. 138-39).  The doctor noted other range of motion measurements, but summarized by stating that Hogan was not fully cooperative in her exam.  Skelton also noted that if Plaintiff did have fibromyalgia, she is probably "truly disabled"

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(Tr. 139).

The ALJ faithfully summarized Dr. Skelton's examination notes[2] before giving it only limited weight as he was unable to "assess [Hogan's] true limitations due to a lack of cooperation" (Tr. 17, 24).  The Court finds no error in this reasoning.  Because Skelton was unable to properly evaluate Plaintiff's abilities, his conclusions are, at best, suspect.  Furthermore, though Skelton suggested that Hogan might be truly disabled if she did suffer from fibromyalgia, the ALJ, after parsing the evidence, found little medical evidence supporting a finding of disability based on fibromyalgia (Tr. 20-21).  The Court finds substantial support for that conclusion, finding the ALJ's reasoning sound and thorough.  Plaintiff's claim otherwise is without merit.

Plaintiff next claims that the ALJ improperly discounted her testimony of pain and daily activities.  The standard by which Hogan's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged

---

[2]The ALJ restated the full results of the examination while the Court, in its summary, chose to highlight only certain aspects of that exam.

pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).

Plaintiff testified at the hearing before the ALJ as to her limitations, complaints of pain, and daily activities (Tr. 190-201).  Further evidence can be found in the forms Hogan completed as part of her application (Tr. 65-70).  The ALJ reported these statements (Tr. 16), but found Plaintiff's testimony not credible as the medical records did not support the severity of her complaints or limitations (Tr. 19-20).

The ALJ's conclusions are correct:  Hogan has failed to point to objective medical evidence substantiating her complaints.  When this lack of evidence is coupled with the reports from Dr. Skelton and Psychologist Brent R. Willis (Tr. 134-37) who both found that Plaintiff was not putting forth her best effort, the ALJ's conclusion becomes stronger.  Hogan's

5

claim that the ALJ did not properly consider her complaints are without merit.

Plaintiff has raised two different claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 25th day of May, 2006.

s/BERT W. MILLING, JR.  
UNITED STATES MAGISTRATE JUDGE